UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN THE MATTER OF THE COMPLAINT OF
COLUMBIA LEASING L.L.C.,
AS PREVIOUS OWNER,
COLUMBIA COASTAL TRANSPORT, L.L.C.,
AS PRESENT OWNER AND PREVIOUS OWNER
PRO HAC VICE OF THE BARGE
COLUMBIA HOUSTON, OFFICIAL NO. 694869,
AND ITS EMPLOYEE, LARRY WARD,

Plaintiff-Petitioners,

v.                                        Civil Action No. 2:12cv678

JOHN R. MULLEN, II AND
KAREN MULLEN,

Claimants,

v.

CERES MARINE TERMINALS, INC, AND
CERES MARINE TERMINALS INCORPORATED,

Claimants.

OPINION AND ORDER

This matter is before the Court on a motion filed by John R. Mullen, II and Karen Mullen ("the Mullens") pursuant to Fed. R. Civ. P. 41(a)(2), requesting dismissal of their personal injury and loss of consortium crossclaims against Ceres Marine Terminals, Inc. and Ceres Marine Terminals Incorporated (collectively "Ceres").  ECF No. 79.  After examination of the record of this matter as a whole, the Court has determined that a hearing on the instant motion is unnecessary, as the facts and

legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Mullens' Rule 41 motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Mullens filed their personal injury lawsuit in Portsmouth Circuit Court against several defendants, including Ceres.[1] Subsequently, on December 13, 2012, the vessel owners ("Limitation Plaintiffs") filed in this Court a Complaint seeking exoneration from or limitation of liability. ECF No. 1. On February 25, 2013, this Court issued an injunction, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, et seq., staying activity in the Portsmouth Circuit Court lawsuit. ECF No. 10 (amended February 28, 2013, ECF No. 11). On April 5, 2013, the Mullens answered Limitation Plaintiffs' Complaint and asserted their personal injury claims against Limitation Plaintiffs. ECF No. 13. The Mullens expressed their "desire that any questions of exoneration or liability of the [vessel owners] be tried by a trial by jury in State Court and that [their] damages be set by a trial by jury in State Court,

---

[1] The facts of this case are more fully described in the Court's Opinion and Order issued on January 10, 2014. In re Columbia Leasing, L.L.C. v. Mullen, No. 2:12cv678, 2014 U.S. Dist. LEXIS 3307 (E.D. Va. Jan. 10, 2014). The relevant portions are repeated here to provide an appropriate background for the disposition of this matter.

pursuant to the Saving to Suitors Clause of 33 U.S.C. § 1333(1)." Id. at 7.

On April 11, 2013, Ceres filed an Answer and Claim in this Court, seeking contribution and indemnity from the vessel owners in the event that "Ceres and [the vessel owners] are found jointly liable for the Mullens['] injuries." ECF No. 14 at ¶ 11. On April 23, 2013, the Mullens amended their answer, asserting "a maritime personal injury Crossclaim" and "a loss of consortium [Cross]claim" against [Ceres] in this Court, but maintaining their "desire to try their claims against [Ceres], pursuant to the Saving to Suitors Clause of 33 U.S.C. § 1333(1), . . . in the Portsmouth Circuit Court." ECF No. 19 at 13. On May 9, 2013, Ceres filed a motion to dismiss the Mullens' crossclaims for failure to state a claim. ECF No. 21.

On June 7, 2013, the Mullens filed a Motion to Lift or Modify Injunction, "pursuant to their saving to suitors rights provided by 28 U.S.C. § 1333." ECF No. 31. Along with their motion, the Mullens filed proposed stipulations, attempting to "effectively protect the [Limitation Plaintiffs'] rights to seek limitation of liability, while permitting the Mullens to pursue their remedies in Portsmouth Circuit Court." Mullens' Mem. in Supp. at 1-2, ECF No. 32. However, neither Limitation Plaintiffs nor Ceres agreed to the Mullens' proposed stipulations, arguing that "the stipulation procedure is

completely inapt," Ceres' Br. in Opp. at 5, ECF No. 37, and observing that Limitation Plaintiffs would still be exposed to a contribution/indemnity claim by Ceres, beyond any limitation fund, because the Mullens "do not stipulate that they will not seek to enforce any judgment against . . . Ceres for any amount that is in excess of the value of the limitation fund," Limitation Pls.' Br. in Opp. at 8, ECF No. 38.[2] Thus, because the decision whether to allow a claimant to proceed in state court is "'one of discretion in every case,'" and because the Mullens did not stipulate that they would not seek to enforce any judgment against Ceres for any judgment amount in excess of the limitation fund - thereby exposing Limitation Plaintiffs to Ceres' contribution/indemnity claim - the Court exercised its discretion to retain and address the limitation/exoneration action in this matter. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 449, 454 (2001).

On August 28, 2013, Limitation Plaintiffs filed a Motion for Summary Judgment, ECF No. 46, on their claim for exoneration from or limitation of liability, pursuant to the Limitation of

---

[2] "The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected - where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims - the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454 (2001).

Liability Act, 46 U.S.C. § 30501, et seq. Limitation Plaintiffs' summary judgment motion became ripe for review on September 17, 2013. On October 2, 2013, the Mullens filed a Motion to Sever Issue of Liability, ECF No. 62, "so that all non-limitation issues may be tried in state court, and [the Mullens'] saving to suitors rights in relation to Ceres may be protected," ECF No. 63. On January 10, 2014, having fully considered Limitation Plaintiffs' request for exoneration from, or limitation of, liability, the Court determined that exoneration (rather than mere limitation) was appropriate and granted Limitation Plaintiffs' Motion for Summary Judgment. ECF No. 78. Having exonerated Limitation Plaintiffs from any liability to the Mullens on their claims, the Court dismissed the Mullens' claims against Limitation Plaintiffs, as well as Ceres' contribution claim against Limitation Plaintiffs, "as [Limitation] Plaintiffs are not liable to the Mullens for their negligence claims." Id. at 36. The sole remaining claims before this Court are the Mullens' crossclaims against Ceres.

On January 20, 2014, ten days after the Court granted summary judgment to Limitation Plaintiffs, the Mullens filed the instant motion, ECF No. 79, requesting that the Court "dismiss their crossclaims against [Ceres], without prejudice, so that the Mullens may pursue their saving to suitors remedies against Ceres in an action previously filed in Portsmouth Circuit

5

Court," ECF No. 80. Ceres filed its response brief on February 3, 2014, arguing that "the Mullens' unjustified delay caused Ceres unfair legal prejudice" and that the Court could protect the Mullens' saving to suitors rights by "simply grant[ing] them a jury trial in this proceeding." ECF No. 83 at 2, 9. The Mullens filed their reply brief on February 4, 2014. ECF No. 84. Therefore, the motion has been fully briefed and the matter is now ripe for decision.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "an action may be dismissed at the [claimant's] request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Fed. R. Civ. P. 41(c) (stating that Rule 41 also "applies to a dismissal of any counterclaim, crossclaim, or third-party claim"). "The purpose of [Rule 41] is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). A "motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the [opposing party]." Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) (citing Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986)). In determining whether to grant a motion for voluntary dismissal, "a district court should consider factors such as 'the opposing party's effort and expense in

preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted)).   However, "[n]either the mere prospect of a second lawsuit, nor the possibility that [the moving party] will gain a tactical advantage, such as that which would be gained by refiling in state court, are sufficient prejudice to deny a motion for voluntary dismissal." Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (citing Gross v. Spies, 133 F.3d 914, 1998 U.S. App. LEXIS 471, at *5 (4th Cir. 1998) (unpublished table decision); Davis, 819 F.2d at 1275).

### III. DISCUSSION

The Mullens argue that "voluntary dismissal without prejudice is appropriate at this stage of the litigation" and assert that "Ceres will not be unfairly prejudiced if the Court grants the motion."   Mullens' Br. at 7, ECF No. 80.   Ceres disagrees, arguing that, by effectively preventing Ceres from removing the case to federal court, "the Mullens have intentionally prejudiced Ceres' rights."   Ceres' Br. in Opp. at 9, ECF No. 83.   Ceres also contends that the Court could satisfy

7

the Mullens' right to a jury trial by "simply grant[ing] them a jury trial in this proceeding." Id.

### A. Ceres' Effort and Expense in Preparing for Trial

Ceres asserts that it "has fully briefed a Motion to Dismiss and spent considerable time and attorneys' fees litigating in federal court." Id. at 6. Thus, Ceres contends, "because the parties have fully briefed dispositive motions and spent substantial resources taking federal court discovery, the Mullens' Motion should be denied." Id. at 7-8. The Mullens assert, however, that "[m]ost of the federal discovery conducted by Ceres can be used in the Mullens' parallel state court action against Ceres." Mullens' Br. at 10, ECF No. 80.[3]

Ceres describes their litigation efforts as follows:

- "participated in the Rule 30(b)(6) deposition of Columbia Coastal Transport, as well as the depositions of Larry Ward, Sam Moulton and John Mullen;"
- "responded (and supplemented its responses) to the Mullens' Interrogatories and Request for Production of Documents;"
- "submitted its Rule 26(a)(1) disclosures and supplemented them twice;"
- "served the Mullens with Interrogatories and Request for Production of documents;"
- "subpoenaed the records of all of Mullen's physicians;"
- "retained expert witnesses and worked with those experts

---

[3] Ceres does not contest the Mullens' assertion that most of the federal court discovery can be used in the state court action.

> to prepare their reports for production pursuant to Rule 26(a)(3);"

- "attend[ed] a Settlement Conference;"
- "filed and fully briefed a Motion to Dismiss;" and
- "opposed the Mullens' Motion to Lift or Modify the Injunction . . . and Motion to Sever."

Ceres' Br. in Opp. at 6 n.2, ECF No. 83.

The Court acknowledges the considerable effort Ceres has expended in litigating in this Court, but agrees that most, if not all, of the discovery, could be – and likely should be – used by Ceres in defending itself against the Mullens' claims, regardless of the forum. Furthermore, the Court notes that Ceres' "fully briefed . . . Motion to Dismiss," Ceres' Br. in Opp. at 9, ECF No. 83, might also be filed in a state court action with few modifications, as a "demurrer in Virginia is essentially a motion to dismiss for failure to state a claim, like under Rule 12(b)(6)," <u>Astrop v. Eckerd Corp.</u>, No. 3:09cv681, 2010 U.S. Dist. LEXIS 42085, at *9 (E.D. Va. Apr. 29, 2010). Accordingly, because much of "the work and resources expended to date during this litigation will be easily carried over to litigation of the [Mullens'] cause of action in state court," <u>Davis</u>, 819 F.2d at 1276, this factor favors the Mullens.

### B. Diligence or Delay by the Mullens

The Mullens "submit that they have been diligent" in their efforts to return to state court "since June 7, 2013," and

observe that they filed the instant motion "within ten days of the Court's grant of summary judgment in favor of the limitation plaintiffs." Mullens' Br. at 7, ECF No. 80. Ceres disagrees, arguing that the Mullens have exercised "unjustified delay in seeking dismissal," which "caused Ceres to lose its statutory right to remove the case to federal court." Ceres' Br. in Opp. at 2, ECF No. 83.[4]

A careful review of the record reveals that the Mullens have consistently maintained their "desire to try their claims against [Ceres], pursuant to the Saving to Suitors Clause of 33 U.S.C. § 1333(1), . . . in the Portsmouth Circuit Court." Am. Answer, Claims, & Crossclaims at 13, ECF No. 19. The Mullens'

---

[4] Ceres alleges that the Mullens asserted in the state court action "frivolous" claims against "two non-diverse defendants, Larry Ward ('Ward') and McAllister Towing ('McAllister')," who both "filed demurrers on the theory that neither of them had anything to do with Mullen's accident." Ceres' Br. in Opp. at 3, 4, ECF No. 83. Ceres further contends that the Mullens strategically "blocked removal by making unwarranted claims against [the] non-diverse defendants in the state court case." Id. at 7. The Court expresses no opinion regarding the Mullens' claims against McAllister, as those claims were not presented to the Court for consideration. However, the Court notes that the Mullens' claims against Ward were far from frivolous. The Mullens brought suit against Ward as "an agent of the vessel, . . . pursuant to the General Maritime Law of the United States and 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.§ 901, et seq." Am. Answer, Claims, & Crossclaims at 7, ECF No. 19. The grounds for the Mullens' claims against Ward included a breach of the vessel owners' "duty to ensure that a safe means of access is provided for longshoremen coming to work on [the] vessel." Mullens' Br. in Opp. at 15, ECF No. 55. In support, the Mullens cited authority from several circuits imposing such a duty on shipowners. Although "the Court [was] not persuaded by the cases cited by the Mullens," In re Columbia Leasing L.L.C., 2014 U.S. Dist. LEXIS 3307, at *22-23, the Court cannot agree that the Mullens' claims against Ward were "frivolous" or "unwarranted," Ceres' Br. in Opp. at 4, 7, ECF No. 83.

motion to lift or modify the Court's previously-issued
injunction, as well as the motion to sever the liability issue
from the other issues in the proceeding, adequately informed the
Court and the parties of their continuing desire to pursue their
claims in their chosen forum. The instant motion was promptly
filed after the Court granted summary judgment to Limitation
Plaintiffs. Accordingly, because there appears to be no
evidence of "excessive delay and lack of diligence on the part
of the [Mullens]," Miller, 114 F. App'x at 539, this factor
favors the Mullens.

### C. Sufficiency of the Mullens' Explanation

Aside from the Mullens' argument that Ceres would not be
unfairly prejudiced by a voluntary dismissal of the Mullens'
crossclaims against Ceres, the Mullens explain that dismissal is
necessary to allow them to "pursue their saving to suitor
remedies against Ceres in state court before a jury." Mullens'
Br. at 7, ECF No. 80. The Mullens, relying upon "Fourth Circuit
precedent," assert that, "in the context of a limitation of
liability proceeding, once concursus is no longer necessary, the
claimants should be permitted to pursue their state court
remedies, even after the parties have expended time and effort
in litigating before the admiralty court." Id. at 11. Ceres
responds that "the Mullens offer no valid reason for dismissal"

because the Court could "simply grant them a jury trial in this proceeding." Ceres' Br. in Opp. at 2, 9, ECF No. 83.

The Supreme Court has recognized the "tension [that] exists between the Saving to Suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." Lewis, 531 U.S. at 448. Accordingly, although federal courts have exclusive "jurisdiction over actions arising under the Limitation Act," they also have the "discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claim in state court," as long as "the vessel owner's right to limitation [is] adequately protected." Id. At least one admiralty treatise has observed that "[s]uch discretion should be exercised to preserve, where possible, the shipowner's rights under the Limitation of Liability Act and the suitor's rights to a common law remedy in the common law courts under the Judiciary Act of 1789." 3 Benedict on Admiralty § 51, at 6-2 (2012). The Fourth Circuit has adopted such view in an analogous context, indicating that, where limitation is no longer at issue, "plaintiffs should be permitted to elect whether to remain in [federal court] or to revive their original claims in their original fora." Wheeler v. Marine Navigation Sulphur Carriers, Inc., 764 F.2d 1008, 1011 (4th Cir. 1985); see also Pickle v.

12

Char Lee Seafood, 174 F.3d 444, 449 (4th Cir. 1999) (observing that, when limitation is denied, "claimants may elect to proceed with their original actions before any jury authorized and demanded in those actions").[5]

In this case, the Mullens originally brought suit in state court. The vessel owners then filed a petition for exoneration from, or limitation of, liability in federal court. When the Court granted summary judgment to the vessel owners, exonerating them from any liability to the Mullens, there remained no "vessel owner's right" for this Court to protect. Lewis, 531 U.S. at 448. Notably, Ceres cites no authority for its proposition that the Mullens' case, which was brought before this Court by the vessel owners under the Limitation of Liability Act, should be retained in this Court to determine Ceres' liability after Limitation Plaintiffs have been completely exonerated from liability and dismissed from the case. Instead, Ceres proposes that this Court "simply grant [the Mullens] a jury trial in this proceeding." Ceres' Br. in Opp. at 9, ECF No. 83. However, the Supreme Court has eschewed the "flawed premise[] . . . that the saving to suitors clause

---

[5] The Court acknowledges that the circumstances considered by the Fourth Circuit involved limitation petitions that were denied by the federal court, not exoneration petitions that were granted. However, the reasoning remains the same. As the Supreme Court observed, the purpose of the Limitation Act is not to "transform the Act from a protective instrument to an offensive weapon" by which claimants could be "deprive[d] . . . of their common-law rights." Lake Tankers Corp. v. Henn, 354 U.S. 147, 152 (1957).

13

reserves to claimants only the right to receive a jury trial."
Lewis, 531 U.S. at 452-53. "Trial by jury is an obvious, but
not exclusive, example of the remedies available to suitors."
Id. at 454-55. The savings to suitors clause "reserves to
suitors 'all other remedies to which they are otherwise
entitled.'" Id. at 454 (quoting 28 U.S.C. § 1333(1)). Because
the rights of the vessel owners are no longer at issue, the
Mullens "should be permitted to elect whether to remain in
[federal court] or to revive their original claims in their
original for[um]." Wheeler, 764 F.2d at 1011. Therefore,
because the Mullens have presented a "[]sufficient explanation
of the[ir] need for a voluntary dismissal," Miller, 114 F. App'x
at 539, this factor strongly favors the Mullens.

### D. Present Stage of Litigation

Ceres argues that the Court should deny the Mullens' motion
because they have filed their motion "after months of litigation
and on the eve of a ruling on Ceres' dispositive Motion to
Dismiss." Ceres' Br. in Opp. at 2, ECF No. 83.

The trial for this matter is scheduled to begin on April
15, 2014. According to the Court's Order of February 12, 2014,
"the taking of discovery and bene esse depositions" is scheduled
to be completed by March 14, 2014. ECF No. 89. The Court
acknowledges the advanced stage of litigation in this case, but
also observes that the underlying motion for summary judgment

14

was timely filed and briefed.  ECF No. 46 (filed Aug. 28, 2013).
However, because of an extremely busy docket, the Court did not
issue its ruling until January 10, 2014 – nearly four months
after the motion became ripe for review and approximately three
months before trial.  In any event, under these circumstances,
"the advanced stage of the litigation and the expense to the
defendant do not by themselves mandate denial of the motion."  8
Moore's Federal Practice § 41.40 (Matthew Bender 3d ed.).

Furthermore, recognizing that a "motion for a voluntary
dismissal should generally be denied when the purpose is to
avoid an adverse determination on the merits of the action,"
id., the Court finds no evidence suggesting such a purpose by
the Mullens.  It is true that, generally, claimants should not
be allowed to "select a forum in which to prosecute [their]
claims, then be allowed to bail out scot-free to try the same
claims in another forum after . . . seeing the adverse
handwriting on the wall in the first chosen forum."  Davis, 819
F.2d at 1277 (Phillips, J., dissenting).  However, that is not
the case here.  The Mullens neither chose to litigate in federal
court nor waivered in their resolve to return to state court
throughout the course of this matter.  In any event, even if the
Court were to soon rule on Ceres' motion to dismiss, there is
simply no indication at this point as to whether or not the
Court's ruling would be "adverse" to the Mullens.  See, e.g.,

15

_Pontenberg v. Boston Sci. Corp._, 252 F.3d 1253 (11th Cir. 2001) (observing that "the record indicates that [Plaintiff's] voluntary dismissal was not sought _solely_ to avoid an expected adverse ruling on [Defendant's] summary judgment motion, but had been contemplated by [Plaintiff] even before the summary judgment motion had been filed" (emphasis in original)). Therefore, notwithstanding the advanced stage of the litigation, because the Court's January 10, 2014 ruling on the August 28, 2013 summary judgment motion is not attributable to the Mullens, this factor favors neither the Mullens nor Ceres.

In sum, considering the "present stage of litigation," Ceres' "effort and expense in preparing for trial," the Mullens' "diligence," lack of "excessive delay," and the Mullens' "[]sufficient explanation of the need for a voluntary dismissal," _Miller_, 114 F. App'x at 539, including the importance of preserving their rights under the saving to suitors clause, the Court **GRANTS** the Mullens' motion for voluntary dismissal of their crossclaims against Ceres. Accordingly, the Mullens' crossclaims against Ceres are **DISMISSED WITHOUT PREJUDICE.**

### IV. CONCLUSION

For the reasons set forth above, the Mullens' motion for voluntary dismissal pursuant to Fed. R. Civ. P. Rule 41(a)(2) is **GRANTED**, as there is no unfair prejudice to Ceres. Therefore,

16

the Mullens' crossclaims against Ceres are **DISMISSED WITHOUT PREJUDICE**.  Such dismissal brings this action to an end.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED**.

/s/ Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 20 , 2014